IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES V.,[1]

    Plaintiff,

  v.

COMMISSIONER SOCIAL SECURITTY ADMINISTRATION,

    Defendant.

Case No. 2:23-cv-1273-MK

**OPINION AND ORDER**

**KASUBHAI, U.S. Magistrate Judge.**

  Plaintiff James V. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties consented to allow a Magistrate Judge to enter final order and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). ECF No. 14. For the reasons explained below, the Commissioner's decision is reversed and remanded for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed his application for DIB on March 2, 2020, alleging disability beginning February 28, 2019. Tr. 174-82. The application was denied initially and upon reconsideration. Tr. 54, 65. Plaintiff appeared at a hearing on December 1, 2021, before Administrative Law Judge (ALJ) Marie Palachuk. Tr. 21. On December 21, 2021, the ALJ issued a decision finding Plaintiff not disabled. Tr. 18-32. The Appeals Council then denied Plaintiff's request for review. Tr. 7-12. Plaintiff timely appealed.

## FACTUAL BACKGROUND

Born on October 7, 1958, Plaintiff was 60 years old on his alleged onset date. Tr. 56. Plaintiff graduated high school and attended two years of college. Tr. 202. Plaintiff listed past relevant work in his application that the ALJ did not evaluate since the decision found Plaintiff had failed to carry his burden at step two. *See* Tr. 246. Plaintiff alleges disability due to blind or low vision, chronic myeloid leukemia, heart condition, hypothyroidism, and hypertension. Tr. 56.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see Burch v.*

PAGE 2 – OPINION AND ORDER

*Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. § 404.1520(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations their impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e). If the claimant can work, they are not disabled; if they cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146, n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. § 404.1520(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured status requirements through June 30, 2024 and had not engaged in substantial gainful activity since February 28, 2019, the alleged onset date. Tr. 23. At step two, the ALJ found that Plaintiff had the following medically determinable impairments: leukemia in remission and history of coronary artery disease with stent placement Tr. 23. The ALJ found that Plaintiff does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months, and therefore that Plaintiff does not have a severe impairment or combination of impairments. Tr. 23-24. The ALJ thus concluded that Plaintiff has not been under a disability from February 28, 2019, the alleged onset date, through the date of the decision. Tr. 27.

**DISCUSSION**

Plaintiff argues that the ALJ erred at step two by failing to support her decision that he did not suffer from a severe impairment with substantial evidence. Pl.'s Opening Br. ("Pl.'s Br.") at 3-14, ECF No. 10. Plaintiff argues that the ALJ erred by discounting relevant medical evidence of the severity of his impairments, and by failing to fully and fairly develop the record. *Id.* at 10. The Court agrees. As explained below, the ALJ failed to support her decision that Plaintiff failed to meet his burden at step two with substantial evidence. The Court therefore remands so that the ALJ may properly continue the sequential analysis beyond step two.[2]

**I.   STEP TWO**

  **A.   *Applicable Law***

At step two, the ALJ determines "whether the claimant had severe impairments during the period for which he seeks disability benefits." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). An impairment is severe "if it 'significantly limits' an individual's 'ability to do basic work activities.' " *Id.* (citing 20 C.F.R. § 404.1520(c)). The step-two severity analysis is a "threshold showing," *Yuckert*, 482 U.S. at 147, that serves to "identify[ ] at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account[.]" *Id*. at 153. In evaluating whether the claimant's impairments are severe, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citations omitted).

---

[2] Because the Court finds the ALJ erred by dismissing Plaintiff's claim at step two, it does not decide whether the ALJ harmfully erred by failing to fully develop the record.

To deny a claim at step two, an ALJ must provide "substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." *Glanden*, 86 F.4th at 844 (citing *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)).

Step two is "a de minimis requirement that screens out only frivolous claims," *id*. at 843; thus, "properly denying a claim at step two requires an unambiguous record showing only minimal limitations." *Id.* at 844. The Ninth Circuit has emphasized that "[a]n ALJ may find an impairment or combination of impairments 'not severe' at step two only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* (simplified); accord SSR 85-28 (explaining that ALJs must apply step two using "great care" by proceeding to step three if a clear determination cannot be made).

In addition, the ALJ is "required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity." *Smolen,* 80 F.3d at 1290. The clear and convincing evidence standard, which is the most demanding required in Social Security cases, applies to the ALJ's review of a Plaintiff's symptom testimony at step two. *Glanden*, 86 F.4th at 846. Thus, an "ALJ can reject the claimant's testimony about the severity of h[is] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1284. "While the ALJ must consider the level of consistency between symptom testimony and the medical evidence, not all inconsistencies are 'sufficient to doom [a] claim as groundless under the de minimis standard of step two.'" *Glanden*, 86 F.4th at 846 (quoting *Webb*, 433 F.3d at 688).

    B.    *Analysis*

Plaintiff argues the ALJ erred by finding that he does not suffer from a severe impairment at step two. Pl.'s Br. at 8-20. Plaintiff asserts that the ALJ failed to adequately consider the

relevant medical evidence and discounted his subjective symptom testimony without clear and convincing reasons for doing so.

At step two, the ALJ initially found Plaintiff's leukemia and history of heart disease were medically determinable impairments (MDIs) that "cause[d] more than minimal effect on the claimant's ability to perform work-related activities." Tr. 23. Despite evidence that supported the severity of these MDI's--in particular Plaintiff's subjective symptom testimony--the ALJ found these "more than minimal" effects on Plaintiff's ability to work did not "significantly limit[]…the ability to perform basic work-related activities." Tr. 24.

Plaintiff argues that the ALJ erred at step two by failing to provide substantial evidence that his medically determinable impairments are not severe. Pl.'s Br. at 4-7. Plaintiff stresses that the medical record and his symptom testimony substantiate ongoing arm, chest, and leg pain and ongoing cardiac-related issues that significantly impact his ability to do basic work activities. *Id.* at 5-7. Because the ALJ failed to support his decision finding that Plaintiff could not clear the "de minimis" hurdle at step two with substantial evidence, this Court reverses and remands with instructions to proceed past step two.

Plaintiff submitted significant medical evidence demonstrating that pain in his upper and lower extremities and dyspnea, light headedness, dizziness, and heart palpitations limited his ability to work despite his treatment for leukemia and heart disease. *See, e.g.,* Tr. 342, 344, 347, 353, 412- 13, 429, 432, 435, 533, 607, 621, 623, 852. Perhaps most significantly, the record shows that Plaintiff's leukemia medication causes constant left forearm and thigh pain. Tr. 854 (August 31, 2021 medical visit). At the hearing, Plaintiff testified about the extent of his pain, which alternated from "minor to chronic at times," and made walking and standing difficult. Tr.

PAGE 7 – OPINION AND ORDER

39. He testified that "[s]imply just getting around has become exceedingly difficult," and he could walk or stand for a maximum of 10-15 minutes before needing a break. Tr. 39-41.

The ALJ erred by relying on inconsistent, incomplete medical records to find that Plaintiff does not suffer from a severe medically determinable impairment at step two. (Tr. 24.) As noted above, an ALJ may find an impairment or combination of impairments "not severe" at step two "only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Glanden*, 86 F.4th at 844. The ALJ highlighted medical records showing Plaintiff's leukemia and heart disease were under control, and relied on medical opinions that described Plaintiff's mostly-normal ability to function. *See* Tr. 25-26. The medical record, while sparse, also had evidence to support Plaintiff's allegations that his leukemia and heart issues significantly impacted his ability to work. For example, Plaintiff consistently noted light-headedness, dizziness, heart palpitations, and shortness of breath despite use of heart disease medication through at least March of 2021. Tr. 342, 344, 347, 353, 412-13, 429, 432, 435, 533, 607, 621, 623, 852. Plaintiff's arm pain also shows up in medical records from throughout the relevant period. *See, e.g.,* Tr. 354, 854. Although Plaintiff's medical record paints an incomplete picture of his overall health during the relevant period, it "includes evidence of problems sufficient to pass the de minimis threshold of step two." *Glanden*, 86 F.4th at 844 (citing *Smolen,* 80 F.3d at 1290. In light of the minimal burden Plaintiff bears at step two, the ALJ erred by failing to support her decision that Plaintiff had no severe medical impairment with substantial evidence.

The ALJ also erred by rejecting Plaintiff's pain allegations without clear and convincing reasons for doing so. As the Ninth Circuit has recognized, subjective pain is not always verifiable through a physical examination. *See, e.g., Coleman v. Saul*, 979 F.3d 751, 756 (9th

PAGE 8 – OPINION AND ORDER

Cir. 2020) ("An ALJ, however, may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged." (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998))); SSR 16-3p ("[W]e will not disregard" symptom reports "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). In light of the difficulty of quantifying pain, it is error for an ALJ to discount a claimant's pain testimony because it lacks support in the record; the absence of corroborating medical findings is an insufficient reason, alone, to reject symptom testimony. 20 C.F.R. § 404.1529(c)(2). Here, the ALJ discounted Plaintiff's symptom testimony because exams or imaging did not fully substantiate Plaintiff's account of his arm and leg pain, and their impact on his ability to perform work-related tasks. While some medical evidence supports the ALJ's conclusion that Plaintiff's pain is overstated, *See, e.g.* Tr. 786 (Dr. Henderson noting Plaintiff's subjective complaints of pain were not "reproducible by palpation"), other medical records back Plaintiff's allegations up. *See, e.g.,* Tr. 620 ("pain of upper extremity" diagnosis). And while the evidence the ALJ marshals may be sufficient at later stages of the five-step analysis to discount Plaintiff's subjective symptom testimony, the ALJ erred by concluding Plaintiff's testimony was not enough to satisfy the *de minimis* showing required at step two. Indeed, the longitudinal record tends to vindicate Plaintiff's pain allegations, and is more than enough to justify remanding this case for further proceedings so the ALJ may analyze Plaintiff's claim at step three and beyond.

/ / /

/ / /

/ / /

/ / /

PAGE 9 – OPINION AND ORDER

## CONCLUSION

For the reasons given above, I REVERSE the Commissioner's decision and REMAND this case with instructions that the ALJ continue the sequential analysis beyond step two.

IT IS SO ORDERED.

DATED this day 25th of June 2024.

                                                      s/ Mustafa T. Kasubhai
                                                    MUSTAFA T. KASUBHAI (He / Him)
                                                    United States Magistrate Judge